Order modified by striking out the following words: "And also upon the trial of any issues which the court may hereafter direct to be tried, as between the defendants in this action, or any of them, as to the right of any of said defendants to the fund or any part thereof, now in the hands of the plaintiffs and mentioned in the complaint herein," and affirmed as modified, without costs.

---

JOHN F. SMYTH, Superintendent of the Insurance Department of the State of New York, Plaintiff, v. JOHN McCOOL and others, Defendants.

WILLIAM F. LEE, Purchaser.

*Description of a lot—what defects in it will relieve a purchaser at a judicial sale, from his bid—he will not be compelled to accept a doubtful title—when fixed and visible monuments will not control measurements.*

Appeal of Mr. Lee from an order made at Special Term, requiring him to complete his purchase on a sale in foreclosure.

Mr. Lee purchased the premises known as 679 Madison avenue, under a judicial sale in this action. The terms of sale described the premises as follows: "All that certain lot, piece or parcel of land, with the buildings thereon erected, situate, lying and being in the said city of New York, bounded and described as follows: Beginning at a point on the easterly line of Madison avenue, distant sixty-three (63) feet northerly from the corner formed by the intersection of the northerly line of Sixty-first street, with the easterly line of Madison avenue; thence running northerly along the easterly line of Madison Avenue, sixteen (16) feet; thence easterly, parallel with Sixty-first street, and part of the distance through the center of a party wall erected partly on the land hereby conveyed, and partly on the land adjoining thereto on the north, eighty-five feet; thence southerly and parallel with Madison avenue, sixteen (16) feet; and thence westerly parallel with Sixty-first street, and

part of the distance through the center of a party wall erected partly on the land hereby conveyed, and partly on the land adjoining thereto on the south, eighty-five (85) feet to the easterly side of Madison avenue, at the point or place of beginning." This description was taken from the judgment, following the mortgage under foreclosure. It appeared, however, from a survey of the premises made for the purchaser that the point of beginning is in reality distant but sixty-two feet, seven inches northerly from the corner of Sixty-first street and Madison avenue.

The court at General Term said : " Mr. Lee's contention is, that consequently the house which he intended to purchase, stands, to the extent of five inches, upon the land of an adjoining owner. The plaintiff, on the other hand, claimed that the misdescrition is of no real moment, for the reason that the premises were mortgaged as visibly located and fixed, and further, because in the deeds and mortgages the premises are described as bounded on the north and south by party walls. Upon this he invokes the doctrine, enunciated in a certain class of cases, that visible location and fixed monuments control course and distance. One difficulty with this position is, that the defect was not visible. The survey was required to discover it. As to the party wall, the plaintiff is mistaken in saying that the premises are described as *bounded on the north and south* thereby. The description is by course and distance, and is precise and definite. After specifying the sixty-three feet as we have indicated, it continues, ' thence running northerly along the easterly line of Madison avenue *sixteen feet*'—not sixteen feet *to the center of a party wall.* The opposite or eastern boundary is indicated in precisely the same terms. Both the northern and southern boundaries run from the precise points where the western and eastern boundaries respectively commence and terminate. From these points they run parallel with Sixty-first street, eighty-five feet—part of the latter distance, adds the description, ' through the center of a party wall.' This is the only reference at all in the instrument to a party wall. It is, to say the least, extremely doubtful whether such an incidental expression can control a clear and unambiguous description, furnished by a few short, simple and distinct courses and distances. (*Higinbotham* v. *Stoddard,* 72 N. Y.,

94.) At all events there is no such fair and substantial title to the center of the party wall, as the purchaser had a right to expect. It is well settled that a purchaser at a judicial sale will not be compelled to accept a doubtful title. (*Jordan* v. *Poillon,* 77 N. Y., 518.) Nor should he be compelled to accept anything less than he bargained for. Here he bid for a house which was to give him his equal share of both a northern and southern party wall. If compelled to complete, he will only get a house (according to the courses and distances), with one inch of one wall and eleven inches of the other. This was a material defect (*Stokes* v. *Johnson,* 57 N. Y., 673), which, if known, would undoubtedly have affected the bidding. Whether the peculiar reference to the party wall can overrule the clearly expressed courses and distances, is a question which, if not answered at once in the negative (upon the authority of the cases above cited), is at least involved in such uncertainty as to justify the purchaser in his refusal to take."

*Walter Edwards, Jr.,* for William F. Lee, purchaser, appellant.

*Rastus T. Ransom,* for the plaintiff, respondent.

Opinion by BARRETT, J. ; DAVIS, P. J., concurred.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order reversed, with $10 costs and disbursements, and motion denied.